UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL P.,<br><br>                                    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>                                    Defendant. | Case No.:  21-cv-01063-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; AND**<br><br>**(2) SCREENING AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)**<br><br>**[ECF Nos. 1; 2]** |

Plaintiff Paul P. has filed a Complaint against the Commissioner of Social Security seeking judicial review of the Commissioner's final decision denying his application(s) for "Social Security Disability Insurance Benefits and Supplemental Security Income benefits for lack of disability."  (ECF No. 1 ¶ 1.)

Presently before the Court is Plaintiff's Motion for Leave to proceed *In Forma Pauperis* ("IFP Motion").  (ECF No. 2.)  For the reasons set forth below, the Court **GRANTS** Plaintiff's IFP Motion and *sua sponte* **DISMISSES** the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

# I.   **IFP MOTION**

## A.   **Legal Standard**

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1).  Section 1915(a)(1) provides that:

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1).  As § 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion.  *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds by* 506 U.S. 194 (1993).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).  "One need not be absolutely destitute to obtain benefits of the [IFP] statute."  *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960).  "Nevertheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness[,] and certainty.'"  *Escobedo*, 787 F.3d at 1234.

///

///

///

///

**B.    Discussion**

Here, Plaintiff has not paid the $402[1] filing fee required to maintain a civil action in this District and has instead moved to proceed IFP.  (ECF No. 2.)  Plaintiff attests to the following under penalty of perjury in his affidavit of assets:  He claims to be currently employed, but he receives no income from his employment.  (*Id.* ¶¶ 1–2.)  He receives $1,052 per month from unemployment payments ($852) and food stamps ($200).  (*Id.* ¶ 1.)  He has no assets or bank accounts.  (*Id.* ¶¶ 4–5.)

Plaintiff's total monthly expenses average $1,050 for: rent ($650); food ($200); and daily necessities ($200).  (*Id.* ¶ 8.)  Therefore, on average, Plaintiff's monthly income exceeds his monthly expenses by only $2.  Plaintiff attests that he is not able to pay the fee as he barely has any money.  (*Id.* ¶ 11.)  He further attests that he used his stimulus checks for "extra needs."  (*Id.*)  The Court finds that Plaintiff's affidavit of assets sufficiently demonstrates that he lacks the financial resources to pay the $402 filing fee without causing undue financial hardship.  Accordingly, Plaintiff is given leave to proceed IFP.

**II.    SCREENING OF COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)**

**A.    Legal Standard**

Any complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a) is subject to a mandatory review by the Court and *sua sponte* dismissal if it fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  "[S]ection 1915(e) not only permits but *requires* a district court to dismiss an [IFP] complaint that fails to state a claim."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (emphasis added).  Complaints in social security appeal cases are not exempt from § 1915(e)'s screening requirement.

---

[1]    *See* 28 U.S.C. § 1914(a) ("The clerk of each district shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350, except that on application for writ of habeas corpus the filing fee shall be $5."); *CASD Fee Schedule*, https://www.casd.uscourts.gov/_assets/pdf/courtinfo/Fees%20of%20the%20U. S.%20District%20Court%20(CASD).pdf (effective Mar. 1, 2021) (imposing a $52 administrative fee for a civil action, suit, or proceeding).

*Hoagland v. Astrue*, No. 1:12–cv–00973–SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012) ("Screening is required even if the plaintiff pursues an appeal of right, such as an appeal of the Commissioner's denial of social security disability benefits."); *cf. Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

Under Rule 8 of the Federal Rules of Civil Procedure, all complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required in a complaint, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a complaint in a social security disability appeal may differ in some ways from complaints in other civil cases, it is "not exempt from the general rules of civil pleading." *Hoagland*, 2012 WL 2521753, at *2. Courts in this District and other districts in the Ninth Circuit look for four basic requirements when screening a social security disability complaint for failure to state a claim:

> First, the plaintiff must establish that he has exhausted [his] administrative remedies pursuant to 42 U.S.C. § 405(g) and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims [he] became disabled. Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

*Montoya v. Colvin*, No. 2:16-cv-00454-RFB-NJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016).

Expanding on the fourth requirement, a complaint fails to state a claim if it simply states that the Commissioner was wrong in denying a plaintiff benefits, for "[e]very plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong." *Hoagland*, 2012 WL 2521753, at *3. Thus, "a social security

4

complaint that merely parrots the standards used in reversing or remanding a case is not sufficient to withstand a screening pursuant to [§] 1915(e)." *Montoya*, 2016 WL 890922, at *2.  Instead, "[a] complaint appealing the Commissioner's denial of disability benefits must [include] a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *2.

**B.    Discussion**

Applying these four basic requirements to the Complaint here, the Court finds that the Complaint is insufficient with respect to the third and fourth requirements.  The Complaint fails to allege the nature of Plaintiff's disability and when Plaintiff claims he became disabled.  The Complaint also fails to allege any specific reasons for why the decision of the Administrative Law Judge ("ALJ") should be reversed or remanded. Instead, the Complaint "merely parrots" the standard of judicial review by alleging that the ALJ's decision to deny Plaintiff's claim was not "not supported by substantial evidence and [was] contrary to law and regulation." (ECF No. 1 ¶ 7.)  This boilerplate statement does not identify the nature of Plaintiff's disagreement with the ALJ's decision.  *See Montoya*, 2016 WL 890922, at *2.  Accordingly, the Court is obligated to *sua sponte* dismiss the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

///
///
///
///
///
///
///
///
///
///
///

### III.   **CONCLUSION**

For the reasons stated above, the Court hereby:

(1)   **GRANTS** Plaintiff's IFP Motion (ECF No. 2); and

(2)   *sua sponte* **DISMISSES** the Complaint (ECF No. 1) without prejudice and with leave to amend for failure to state a claim upon which relief may be granted.  Plaintiff shall have until **July 9, 2021** to file an amended complaint that cures the deficiencies set forth above.

**IT IS SO ORDERED.**

Dated:  June 14, 2021

Hon. Jill L. Burkhardt
United States Magistrate Judge